IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JONATHAN D. ROSE, M.D., PH.D., an individual, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | NO. SA-13-MC-00396-DAE NO. CV-11-7838-DDP |
| MICHAEL ENRIQUEZ, an individual, et al., | ) ) ) | |
| Defendants. _____ | ) ) ) | |

ORDER DENYING MOTION TO COMPEL FOREIGN SUBPOENA

Before the Court is a Motion to Compel Foreign Subpoena brought by Jonathan D. Rose ("Movant"). (Doc. # 1.) Movant seeks to compel compliance with his deposition subpoenas to a nonparty. For the reasons given below, the Court **DENIES** the motion.

BACKGROUND

The underlying action was brought by Movant against Michael Enriquez, among others, in Civil Action No. CV-11-7838-DDP(AJWx), styled <u>Jonathan D. Rose, M.D., Ph.D. v. Michael Enriquez, et al.</u>, in the United States District Court for the Central District of California. Movant's claims in that case

1

were reduced to a judgment against Mr. Enriquez. (Doc. # 1, Ex. A.) Movant believes that Andrea Mata, Mr. Enriquez's mother, may have received funds from Mr. Enriquez which should have been used to satisfy the judgment.

On April 4, 2013, Movant's counsel obtained a subpoena, issued from the Central District of California, ordering the deposition of Ms. Mata and the production of certain documents. (Id. Ex. B.) On April 8, 2013, Ms. Mata was personally served with the subpoena, which directed Ms. Mata to appear for a deposition on April 26, 2013 at 9:00 A.M. at Regus Business Center, 18756 Stone Oak Parkway, Suite 200, San Antonio, Texas, 78258. (Id.) At the time of personal service, Ms. Mata was also given a witness fee and mileage in the amount of $47.57. (Id.)

On April 25, 2013, Ms. Mata's counsel, Ronald Guyer, requested a postponement and agreed to accept service of an amended subpoena rescheduling the deposition. The Amended Deposition Notice and Subpoena was issued resetting the deposition for May 3, 2013 at 9:00 AM and served on Mr. Guyer. (Id. Ex. C.)

On May 2, 2013, Mr. Guyer called to advise Movant's counsel that Ms. Mata would not be present at the deposition and that he would no longer be representing Ms. Mata, who had obtained new counsel from California. Later that

day, Movant's counsel sent an email to Mr. Guyer indicating that Movant intended to proceed with the deposition as scheduled and requesting that Mr. Guyer inform Ms. Mata's new counsel of this fact.

On May 3, 2013, at 9:00 A.M., Movant's counsel appeared along with a court reporter to take the deposition of Ms. Mata. Ms. Mata did not appear, nor did she send any correspondence explaining her absence.

## DISCUSSION

Federal Rule of Civil Procedure 37(a) permits a party to move for an order compelling a response from any "deponent." Fed. R. Civ. P. 37(a)(3)(B)(i). Additionally, where a party brings "a motion for an order to a nonparty" under Rule 37(a), such a motion "must be made in the court where the discovery is or will be taken." Fed. R. Civ. P. 37(a)(2); U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc., 444 F.3d 462, 468 (6th Cir. 2006) ("With regard to the district court's enforcement authority, the Federal Rules provide that a motion to compel discovery or disclosure by a nonparty must be made to the court in the district where the discovery is being taken"). Thus, a motion to compel the deposition of a nonparty is properly heard in the district court where the deposition is to be taken.[1]

---

[1] However, the power to quash or modify a subpoena resides with the issuing court. See Fed. R. Civ. P. 45(c)(3)(A).

Accordingly, the instant motion to compel is properly before this Court because the deposition of Ms. Mata, a nonparty, was scheduled to be held in San Antonio, Texas.

In his motion to compel, Movant seeks to enforce subpoenas issued from the United States District Court for the Central District of California. Rule 45(a)(3) provides that an attorney, as an officer of the court, may issue a subpoena on behalf of a court. However, Rule 45(a)(2) provides that a subpoena to depose a nonparty witness or for document production from a nonparty must issue "from" the court for the district where the deposition will be taken or the production will be made.[2] See Fed. R. Civ. P. 45(a)(2)(B)–(C)); Fed. R. Civ. P. 45 advisory committee's note (1991) ("Pursuant to Paragraph (a)(2), a subpoena for a deposition must still issue from the court in which the deposition or production would be compelled."); U.S. ex rel. Pogue, 444 F.3d at 468.

Because the deposition of Ms. Mata was scheduled to take place in San Antonio, Texas, the United States District Court for the Western District of Texas was the proper court to issue the subpoenas. Movant's counsel failed to

---

[2] The 2013 Amendments to Federal Rule of Civil Procedure 45 alter the language of Rule 45(a)(2) to state only: "A subpoena must issue from the court where the action is pending." However, this change does not take effect until December 2013.

comply with Rule 45(a)(2)(B) when he issued the subpoenas from the United States District Court for the Central District of California.  Thus, the subpoenas are facially invalid under Rule 45(a)(2)(B), and this Court therefore has no authority to enforce them.  <u>Apache Corp. v. Globalsantafe Drilling Co.</u>, No. 06-1643, 2009 WL 872893, at *3 (W.D. La. Mar. 26, 2009); see <u>U.S. Bancorp Equip. Fin., Inc. v. Babylon Transit, Inc.</u>, 270 F.R.D. 136, 139 (E.D.N.Y. 2010); <u>A.H. ex rel Hohe v. Knowledge Learning Corp.</u>, No. 09-2517-DJW, 2010 WL 3951984, at *2 (D. Kan. Oct. 8, 2010); <u>Ponson v. BellSouth Telecomms., Inc.</u>, No. 09-0149, 2010 WL 1552802, at *3 (E.D. La. Apr. 16, 2010).

## CONCLUSION

For the reasons given above, the Court **DENIES** Movant's Motion to Compel Foreign Subpoena.

IT IS SO ORDERED.

DATED: San Antonio, Texas, June 6, 2013.

_____
David Alan Ezra
Senior United States District Judge